UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMANDA BALSCHMITER,<br>4726 Wilson Road, Kenosha, WI 53142,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>TD AUTO FINANCE, LLC,<br>27777 Inkster Road, Farmington Hills, MI<br>48334, along with its predecessor in<br>interest CHRYSLER FINANCIAL<br>COMPANY,<br><br>    Defendants, | Case No.   2:13-cv-1186<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**CLASS ACTION**<br><br>**JUDGE J.P. STADTMUELLER**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

   Plaintiff Amanda Balschmiter (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

<u>NATURE OF ACTION</u>

   1.  Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of TD Auto Finance, LLC, and its predecessor in interest Chrysler Financial Company (hereinafter collectively referred to as "TD") in contacting Plaintiff and Class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). TD has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as

described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2. Plaintiff brings this action for injunctive relief and statutory damages resulting from TD's illegal actions.

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over TD because, as TD Auto Finance is authorized to do business in Wisconsin and the conduct at issue occurred in or was directed toward individuals in the state of Wisconsin, TD has established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of Wisconsin.

5. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because TD is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; the conduct at issue occurred in or was directed toward individuals in the state of Wisconsin; and TD's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiff Amanda Balschmiter is an individual citizen of the State of Wisconsin, who resides in Kenosha, Wisconsin.

7.      TD Auto Finance, LLC ("TD Auto Finance") is a Michigan limited liability corporation headquartered in Farmington Hills, Michigan, authorized to do business in Wisconsin. TD Auto Finance is a wholly-owned subsidiary of The Toronto-Dominion Bank and is a part of the TD Bank Group. TD Auto Finance is the successor in interest to Chrysler Financial Company, which was acquired by TD Bank Group in 2011.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8.      In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent"

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

12. The Declaratory Ruling further specifies that "creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."[6]

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. On April 16, 2012, Victor Loshek, Plaintiff's boyfriend, entered into a financing agreement with TD to fund the purchase of a 2010 Jeep Patriot automobile. Plaintiff was not a signatory to this agreement.

15. Beginning on or before December 11, 2012, TD began calling Plaintiff in connection with alleged missed payments by Mr. Loshek on the financing agreement. These calls were made to Plaintiff's cellular telephone number, and consisted of repeated, harassing autodialed and/or prerecorded calls at all hours of the day. Plaintiff requested on several occasions that these calls cease, to no avail.

16. When Plaintiff asked a TD representative how it acquires cellular telephone numbers, the TD representative told her that TD utilizes skip-tracing tools. Skip-tracing is the process of searching available records to determine a person's telephone number. In fact, TD's representative explicitly told Ms. Balschmiter that "we use skip tools that allow us

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10); *accord In the Matter of The Joint Petition Filed by DISH Network, LLC, et al., for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules*, 2013 FCC LEXIS 2057, at *50 (F.C.C. May 9, 2013) (¶ 38).

to call numbers" and that "we don't have to have authorization to call" the numbers TD acquires via skip tracing.

17. On information and belief, besides skip-tracing, TD also acquires telephone numbers to call via "number harvesting," that is, using its caller ID system to determine the telephone numbers of parties who have made an inbound call to TD.

18. Plaintiff understands that besides her own, TD also called several other cellular numbers regarding Mr. Loshek's account.

19. Although TD may manually dial some of the numbers it acquires via skip-tracing or "number harvesting," it has also dialed many of those numbers using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), including Plaintiff's.

20. Plaintiff changed her cellular phone number on at least one occasion so that TD would not continue to harass her with unwanted autodialed and/or prerecorded calls.

21. Since Plaintiff is not a TD customer, she could not have provided, and did not provide, her express consent to receive prerecorded or automated calls by TD on her cellular telephone "during the transaction that resulted in the debt owed."[7]

22. TD is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

23. TD contacted Plaintiff on her cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

24. The telephone numbers that TD used to contact Plaintiff, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

25. Plaintiff did not provide "prior express consent" allowing TD to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

26. TD's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

27. TD's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

28. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on TD to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute.[8]

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

30. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after October 21, 2009, received a non-emergency telephone call from or on behalf of TD to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, where TD acquired the telephone number for the call via skip-tracing or number harvesting; *and* who did not have a contractual relationship with TD.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are TD and any entities in which TD has a controlling interest; TD's agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and claims for personal injury,

---
[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

wrongful death and/or emotional distress.

31. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the thousands.

32. Plaintiffs and all members of the Class have been harmed by the acts of TD.

33. This Class Action Complaint seeks injunctive relief and money damages.

34. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by TD and/or its agents.

35. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

   a. Whether TD and/or its agents made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

   b. Whether TD and/or its agents utilized "skip tracing" methods or "number harvesting" to locate the cellular telephone numbers of non-customers;

   c. Whether TD can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

   d. Whether TD's conduct was knowing and/or willful;

   e. Whether TD is liable for damages, and the amount of such damages; and

   f. Whether TD should be enjoined from engaging in such conduct in the future.

36. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

37. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel TD to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against TD is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39. TD has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

40. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41. The foregoing acts and omissions of TD constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of TD's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by TD in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

45. The foregoing acts and omissions of TD constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of TD's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting TD's violation of the TCPA in the future.

48. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against TD:

A. Injunctive relief prohibiting such violations of the TCPA by TD in the future;

B. As a result of TD's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of TD's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff are a proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

Dated: April 29, 2014  Respectfully submitted,

By: */s/ Matthew R. Wilson*
    Matthew R. Wilson


MEYER WILSON CO., LPA
Matthew R. Wilson
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr.
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

CULLEN WESTON PINES & BACH LLP
Lester A. Pines, SBN 1016543
Email: pines@cwpb.com
Tamara B. Packard, SBN 1023111
Email: packard@cwpb.com
122 West Washington Avenue, Suite 900
Madison, WI 53703
Telephone: (866) 443-8661
Facsimile: (608) 251-2883

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
Nicole D. Reynolds
Email: nreynolds@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email:  jselbin@lchb.com
Douglas I. Cuthbertson
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592


*Attorneys for Plaintiff Amanda Balschmiter and the Proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of any and all issues in this action so triable.

Dated: April 29, 2014

Respectfully submitted,

By: */s/ Matthew R. Wilson*
    Matthew R. Wilson

MEYER WILSON CO., LPA
Matthew R. Wilson
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr.
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

CULLEN WESTON PINES & BACH LLP
Lester A. Pines, SBN 1016543
Email: pines@cwpb.com
Tamara B. Packard, SBN 1023111
Email: packard@cwpb.com
122 West Washington Avenue, Suite 900
Madison, WI 53703
Telephone: (866) 443-8661
Facsimile: (608) 251-2883

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
Nicole D. Reynolds
Email: nreynolds@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
Douglas I. Cuthbertson
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Attorneys for Plaintiff Amanda Balschmiter and the Proposed Class*