UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMANDA BALSCHMITER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TD AUTO FINANCE, LLC,<br><br>Defendant, | Case No. 2:13-cv-01186<br><br>**PLAINTIFF'S MOTION FOR A STAY OF PROCEEDINGS PURSUANT TO RULE 23(f)**;<br><br>**CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION**<br><br>The Honorable J.P. Stadtmueller |

Plaintiff Amanda Balschmiter hereby moves pursuant to Civil L.R. 7(h) and Fed. R. Civ. P. 23(f) for a stay of proceedings in this matter. Plaintiff will file, within the fourteen day period allowed by Rule 23(f), a petition with the Seventh Circuit seeking interlocutory review of the Court's order of November 20, 2014 (Dkt. No. 72) denying class certification. Fed. R. Civ. P. 23(f) provides that:

> "A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."

In determining whether to grant a stay, courts look to the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Andrews v. Chevy Chase Bank, FSB,* 474 F. Supp.2d 1006, 1007 (E.D.Wisc. 2007). Respectfully, Plaintiff's pending 23(f) petition meets all four qualifications.

First, in this particular case, Plaintiff believes the most important factor is the public interest. Because the final pretrial conference is scheduled for Tuesday, November 25 and trial is scheduled for December 1, the only remaining proceedings in this Court are those trial-related items. But to conduct an individual trial when the Seventh Circuit is considering whether this case should proceed on a classwide basis would be a poor use of the Court's and the parties' resources; if the Seventh Circuit agrees with Plaintiff, such a trial would have been for nought. Moreover, as the Court's Order makes clear, a central issue for an individual trial would by the standard governing "prior express consent" under the TCPA for non-customers such as Plaintiff. The Court notes the "the unsettled jurisprudence regarding consent under the TCPA, and the lack of Seventh Circuit guidance on this issue," *id.* at 26, so Plaintiff's 23(f) appeal would allow the Seventh Circuit to provide that guidance, even if it ultimately does not agree with Plaintiff's position.

In addition, Plaintiff would be irreparably injured absent a stay of this matter. At the current schedule, trial on the merits of Plaintiff's individual claim is set to begin in fewer than ten days. As a practical matter, Plaintiff, and Plaintiff's counsel, would be forced to choose between vindicating the proposed named plaintiff's rights at trial and attempting to vindicate the proposed class's rights at the Seventh Circuit. One or both of these interests would be irreparably harmed in making this choice.

Although the Court presumably disagrees that Plaintiff is likely to succeed on the merits, Plaintiff believes that she has a more than a colorable argument. *Cf. Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. Ill. 2013) ("Class certification is

normal in litigation under [the TCPA]. . . .").  Plaintiff believes that the Court's analysis of the standard for ascertainability is inconsistent with recent guidance provided by the Seventh Circuit.   Similarly, as the Court recognized, the Second Circuit essentially endorsed Plaintiff's position that a non-customer could not give consent to receive automated telephone calls regarding someone else's account.   Plaintiff believes that the Seventh Circuit will agree with the Second Circuit (the only circuit court to consider the question).  If so, as the Court recognizes, there would be no remaining individualized issues that would defeat predominance under Rule 23(b)(3).  Plaintiff would also note "[t]he greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *In re A&F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014).

TDAF has already requested a postponement of the trial date in this matter. *See* Motion to Vacate Trial Date by TD Auto Finance, Dkt. No. 69.  Thus, a stay would do no harm to TDAF with regard to trial.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court stay the current action, pending a resolution of Plaintiff's forthcoming 23(f) petition.

Dated:  November 20, 2014              Respectfully submitted,

By: */s/ Matthew R. Wilson*
    Matthew R. Wilson

MEYER WILSON CO., LPA
Matthew R. Wilson
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr.
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066
*Attorneys for Plaintiff Amanda Balschmiter and the Proposed Class*